**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LONESTAR CRYSTAL DISPLAY LLC,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 2:26-cv-00407-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS LG ELECTRONICS INC. AND LG ELECTRONICS U.S.A., INC.'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT**

Defendants LG Electronics Inc. ("LGE") and LG Electronics U.S.A., Inc. ("LGUSA") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the First Amended Complaint for Patent Infringement (Dkt. No. 31) ("Amended Complaint") of Plaintiff Lonestar Crystal Display LLC ("Lonestar") as set forth below. The repetition of some of the Amended Complaint's subheadings is done solely for organizational purposes and is not an admission as to their truth. Where an allegation is directed to only LGE or only LGUSA, only that Defendant responds; such an allegation is not asserted against the other Defendant, and no response from the other Defendant is required. An admission by one Defendant is not an admission by the other. Any allegation not expressly admitted is denied.

**NATURE OF SUIT**

1. Defendants admit that the Amended Complaint purports to state an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Defendants deny that they have infringed any of the Asserted Patents and deny that Lonestar is entitled to any relief. Except as expressly admitted, Defendants deny the remaining

allegations of Paragraph 1.

**THE PARTIES**

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Amended Complaint and therefore deny them.

3. Defendants admit that the Amended Complaint refers to U.S. Patent Nos. 7,714,961; 7,973,864; 8,988,644; 9,146,435; 9,383,612; 9,470,934; 9,952,480; and 10,168,585 collectively as the "Asserted Patents." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 and therefore deny them.

4. Defendants admit that LGE is a corporation organized under the laws of the Republic of Korea with a principal place of business at LG Twin Tower 128, Yeoui-daero, Yeongdeungpo-gu, Seoul, Korea 07336. Paragraph 4 otherwise states legal conclusions regarding service of process to which no response is required. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 4.

5. Defendants admit that LGUSA is a Delaware corporation, that it is registered to do business in the State of Texas and that it may be served with process through its registered agent in the State of Texas. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 5.

6. Defendants admit that LGUSA is a wholly owned subsidiary of LGE. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 6.

**JURISDICTION AND VENUE**

7. Defendants admit that the Amended Complaint purports to state claims arising under the patent laws of the United States and that this Court has subject matter jurisdiction over such claims under 28 U.S.C. §§ 1331 and 1338(a). Defendants deny that there is any factual or legal basis for Lonestar's claims. Except as expressly admitted, Defendants deny the remaining

allegations of Paragraph 7.

**I. LGE**

8. LGE does not contest at this time, and solely for the purposes of this action, whether this Court may exercise personal jurisdiction. LGE denies that it has committed any act of infringement in this District or elsewhere. LGE denies that it is subject to general personal jurisdiction in this District. Except as expressly admitted, LGE denies the remaining allegations of Paragraph 8.

9. Denied.

10. LGE admits that it designs certain LG-branded LCD monitors and televisions. LGE denies that it has infringed or infringes any valid and enforceable claim of the Asserted Patents. Except as expressly admitted, LGE denies the remaining allegations of Paragraph 10.

11. LGE admits that certain of its LCD monitors and televisions are distributed and sold in the United States. LGE denies that it has infringed or infringes any valid and enforceable claim of the Asserted Patents. Except as expressly admitted, LGE denies the remaining allegations of Paragraph 11.

12. Defendants admit that LGUSA is a wholly owned subsidiary of LGE. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 12.

13. Denied.

14. Denied.

15. Denied.

16. LGE does not contest at this time, and solely for the purposes of this action, whether this Court may exercise personal jurisdiction over LGE. LGE denies that it has committed any act of infringement in this District or elsewhere. Paragraph 16 otherwise states legal conclusions to which no response is required. To the extent a response is deemed required,

except as expressly admitted, LGE denies the remaining allegations of Paragraph 16.

17. LGE does not contest at this time, and solely for the purposes of this action, whether this Court may exercise personal jurisdiction over LGE. LGE denies that it has committed any act of infringement in this District or elsewhere. Except as expressly admitted, LGE denies the remaining allegations of Paragraph 17.

18. The filings cited in Paragraph 18 speak for themselves. LGE denies that any position taken in another action—which was made in that action only and based on facts existing at that time—constitutes an admission in this action. LGE does not contest at this time, and solely for the purposes of this action, whether this Court may exercise personal jurisdiction over LGE. LGE denies that it has committed any act of infringement in this District or elsewhere. Except as expressly admitted, LGE denies the remaining allegations of Paragraph 18.

19. LGE does not contest, solely for the purposes of this action, whether venue is proper in this District as to LGE under 28 U.S.C. § 1391(c)(3). LGE denies that this District is a convenient forum for this action. Except as expressly admitted, LGE denies the remaining allegations of Paragraph 19.

20. LGE admits that on September 22, 2026, LGE and LGUSA filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 25). The remaining allegations of Paragraph 20 state legal conclusions to which no response is required. To the extent a response is deemed required, LGE does not contest personal jurisdiction, or venue under 28 U.S.C. § 1391(c)(3), solely for the purposes of this action, and denies that it has waived its right to move to transfer this action under 28 U.S.C. § 1404(a).

## II. LGUSA

21. LGUSA does not contest at this time, and solely for the purposes of this action, whether this Court may exercise personal jurisdiction over LGUSA. LGUSA denies that it has

committed any act of infringement in this District or elsewhere. LGUSA denies that it is subject to general personal jurisdiction in this District. Except as expressly admitted, LGUSA denies the remaining allegations of Paragraph 21.

22. LGUSA does not contest at this time, and solely for the purposes of this action, whether this Court may exercise personal jurisdiction over LGUSA. LGUSA denies that it has committed any act of infringement in this District or elsewhere. Except as expressly admitted, LGUSA denies the remaining allegations of Paragraph 22.

23. LGUSA admits that certain LG-branded products are offered for sale through the website www.lg.com/us. LGUSA denies that it has infringed or infringes any valid and enforceable claim of the Asserted Patents. Except as expressly admitted, LGUSA denies the remaining allegations of Paragraph 23.

24. Denied.

25. LGUSA admits that 14901 North Beach Street, Fort Worth, Texas 76177 is a distribution facility. Except as expressly admitted, LGUSA denies the remaining allegations of Paragraph 25.

26. LGUSA admits that it distributes, markets, offers for sale, or sells certain LCD monitors and televisions in the United States. LGUSA denies that any Accused Product infringes any valid and enforceable claim of the Asserted Patents, and further denies that it makes, uses, sells, offers to sell, or imports any infringing product. Except as expressly admitted, LGUSA denies the remaining allegations of Paragraph 26.

27. LGUSA does not contest at this time, and solely for the purposes of this action, whether this Court may exercise personal jurisdiction over LGUSA. LGUSA denies that it has committed any act of infringement in this District or elsewhere. Except as expressly admitted,

LGUSA denies the remaining allegations of Paragraph 27.

28. LGUSA denies that it has committed any act of infringement in this District or elsewhere. LGUSA denies the remaining allegations of Paragraph 28.

29. The filing cited in Paragraph 29 speaks for itself. LGUSA denies that any position taken in another action—which was made in that action only and based on facts existing at that time—constitutes an admission in this action. LGUSA does not contest at this time, and solely for the purposes of this action, whether this Court may exercise personal jurisdiction over LGUSA. LGUSA denies that it has committed any act of infringement in this District or elsewhere. Except as expressly admitted, LGUSA denies the remaining allegations of Paragraph 29.

30. The filings cited in Paragraph 30 speak for themselves. LGUSA denies that any position taken in another action—which was made in that action only and based on facts existing at that time—constitutes an admission in this action. LGUSA does not contest at this time, and solely for the purposes of this action, whether this Court may exercise personal jurisdiction over LGUSA. LGUSA denies that it has committed any act of infringement in this District or elsewhere. Except as expressly admitted, LGUSA denies the remaining allegations of Paragraph 30.

31. Denied.

32. The Denton County property tax records referenced in Paragraph 32 speak for themselves. LGUSA denies that it owns the facility at 14901 Beach St., Fort Worth, Texas 76177. Except as expressly admitted, LGUSA denies the remaining allegations of Paragraph 32.

33. The Denton County property tax records referenced in Paragraph 33 speak for themselves. LGUSA denies that it owns the facility at 2153 Eagle Parkway, Fort Worth, TX

76177. Except as expressly admitted, LGUSA denies the remaining allegations of Paragraph 32.

34. LGUSA admits that the photograph on its face shows an LG flag. LGUSA denies that it has a facility at 2153 Eagle Parkway.

35. Denied.

36. The press release quoted in Paragraph 36 speaks for itself. Defendants otherwise deny the allegations of Paragraph 36.

37. Denied.

38. LGUSA admits that on September 22, 2026, LGE and LGUSA filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 25). The remaining allegations of Paragraph 38 state legal conclusions to which no response is required. To the extent a response is deemed required, LGUSA does not contest personal jurisdiction solely for the purposes of this action, and denies that it has waived its right to move to transfer this action under 28 U.S.C. § 1404(a).

## ASSERTED PATENTS

### I. THE ’961 PATENT

39. Defendants admit that the face of U.S. Patent No. 7,714,961 (the “’961 Patent”) states that it is entitled “Display Panel and Method of Manufacturing the Same,” that it issued on May 11, 2010, and that it issued from U.S. Patent Application No. 12/045,232, filed on March 10, 2008. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 39.

40. Defendants admit that the face of the ’961 Patent identifies Korean Patent Application No. 2007-43328, filed on May 4, 2007, as a foreign priority application. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 40.

41. Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 41 of the Amended Complaint and therefore deny them.

42. Defendants admit that what appears to be a copy of the ’961 Patent is attached to the Amended Complaint as Exhibit A. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 42.

43. The ’961 Patent speaks for itself, and Defendants deny any characterization of the ’961 Patent inconsistent with its contents. Defendants deny the remaining allegations of Paragraph 43.

44. The ’961 Patent speaks for itself, and Defendants deny any characterization of the ’961 Patent inconsistent with its contents. Defendants deny that the ’961 Patent solves any technological problem or discloses any patentable advance over the prior art. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 44.

45. The ’961 Patent speaks for itself, and Defendants deny any characterization of the ’961 Patent inconsistent with its contents. Defendants deny that the ’961 Patent solves any technological problem or discloses any patentable advance over the prior art. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 45.

46. The ’961 Patent speaks for itself, and Defendants deny any characterization of the ’961 Patent inconsistent with its contents. Defendants deny that the ’961 Patent solves any technological problem or discloses any patentable advance over the prior art. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 46.

47. Paragraph 47 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 47, including to the extent they allege that Defendants’ activities, or the products and components supplied to Defendants, are infringing or unauthorized with respect to the ’961 Patent.

## II. THE ’864 PATENT

48. Defendants admit that the face of U.S. Patent No. 7,973,864 (the "’864 Patent") states that it is entitled "Liquid Crystal Display," that it issued on July 5, 2011, and that it issued from U.S. Patent Application No. 12/016,648, filed on January 18, 2008. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 48.

49. Defendants admit that the face of the ’864 Patent identifies Korean Patent Application No. 10-2007-0043101, filed on May 3, 2007, as a foreign priority application. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 49.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Amended Complaint and therefore deny them.

51. Defendants admit that what appears to be a copy of the ’864 Patent is attached to the Amended Complaint as Exhibit B. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 51.

52. The ’864 Patent speaks for itself, and Defendants deny any characterization of the ’864 Patent inconsistent with its contents. Defendants deny the remaining allegations of Paragraph 52.

53. The ’864 Patent speaks for itself, and Defendants deny any characterization of the ’864 Patent inconsistent with its contents. Defendants deny that the ’864 Patent solves any technological problem or discloses any patentable advance over the prior art. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 53.

54. The ’864 Patent speaks for itself, and Defendants deny any characterization of the ’864 Patent inconsistent with its contents. Defendants deny that the ’864 Patent solves any technological problem or discloses any patentable advance over the prior art. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 54.

55. The ’864 Patent speaks for itself, and Defendants deny any characterization of the ’864 Patent inconsistent with its contents. Defendants deny that the ’864 Patent solves any technological problem or discloses any patentable advance over the prior art. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 55.

56. Paragraph 56 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 56, including to the extent they allege that Defendants’ activities, or the products and components supplied to Defendants, are infringing or unauthorized with respect to the ’864 Patent.

**III. THE ’644 PATENT**

57. Defendants admit that the face of U.S. Patent No. 8,988,644 (the “’644 Patent”) states that it is entitled “Liquid Crystal Display,” that it issued on March 24, 2015, and that it issued from U.S. Patent Application No. 13/829,801, filed on March 14, 2013. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 57.

58. Defendants admit that the face of the ’644 Patent identifies Korean Patent Application No. 10-2012-0047146, filed on May 3, 2012, as a foreign priority application. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 58.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Amended Complaint and therefore deny them.

60. Defendants admit that what appears to be a copy of the ’644 Patent is attached to the Amended Complaint as Exhibit C. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 60.

61. The ’644 Patent speaks for itself, and Defendants deny any characterization of the ’644 Patent inconsistent with its contents. Defendants deny the remaining allegations of Paragraph 61.

62. The ’644 Patent speaks for itself, and Defendants deny any characterization of the ’644 Patent inconsistent with its contents. Defendants deny that the ’644 Patent solves any technological problem or discloses any patentable advance over the prior art. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 62.

63. The ’644 Patent speaks for itself, and Defendants deny any characterization of the ’644 Patent inconsistent with its contents. Defendants deny that the ’644 Patent solves any technological problem or discloses any patentable advance over the prior art. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 63.

64. The ’644 Patent speaks for itself, and Defendants deny any characterization of the ’644 Patent inconsistent with its contents. Defendants deny that the ’644 Patent solves any technological problem or discloses any patentable advance over the prior art. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 64.

65. Paragraph 65 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 65, including to the extent they allege that Defendants’ activities, or the products and components supplied to Defendants, are infringing or unauthorized with respect to the ’644 Patent.

## IV. THE ’435 PATENT

66. Defendants admit that the face of U.S. Patent No. 9,146,435 (the “’435 Patent”) states that it is entitled “Display Panel and Method of Manufacturing the Same,” that it issued on September 29, 2015, and that it issued from U.S. Patent Application No. 14/142,401, filed on December 27, 2013. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 66.

67. Defendants admit that the face of the ’435 Patent identifies Korean Patent Application No. 10-2013-0093570, filed on August 7, 2013, as a foreign priority application.

Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 67.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Amended Complaint and therefore deny them.

69. Defendants admit that what appears to be a copy of the ’435 Patent is attached to the Amended Complaint as Exhibit D. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 69.

70. The ’435 Patent speaks for itself, and Defendants deny any characterization of the ’435 Patent inconsistent with its contents. Defendants deny the remaining allegations of Paragraph 70.

71. The ’435 Patent speaks for itself, and Defendants deny any characterization of the ’435 Patent inconsistent with its contents. Defendants deny that the ’435 Patent solves any technological problem or discloses any patentable advance over the prior art. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 71.

72. Paragraph 72 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 72, including to the extent they allege that Defendants’ activities, or the products and components supplied to Defendants, are infringing or unauthorized with respect to the ’435 Patent.

## V. THE ’612 PATENT

73. Defendants admit that the face of U.S. Patent No. 9,383,612 (the “’612 Patent”) states that it is entitled “Liquid Crystal Display Comprising First and Second Electrodes Wherein the Second Electrode Comprises a Plurality of Branch Electrodes Overlapping the First Electrode,” that it issued on July 5, 2016, and that it issued from U.S. Patent Application No. 13/837,114, filed on March 15, 2013. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 73.

74. Defendants admit that the face of the ’612 Patent identifies Korean Patent Application No. 10-2012-0138216, filed on November 30, 2012, as a foreign priority application. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 74.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Amended Complaint and therefore deny them.

76. Defendants admit that what appears to be a copy of the ’612 Patent is attached to the Amended Complaint as Exhibit E. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 76.

77. The ’612 Patent speaks for itself, and Defendants deny any characterization of the ’612 Patent inconsistent with its contents. Defendants deny the remaining allegations of Paragraph 77.

78. The ’612 Patent speaks for itself, and Defendants deny any characterization of the ’612 Patent inconsistent with its contents. Defendants deny that the ’612 Patent solves any technological problem or discloses any patentable advance over the prior art. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 78.

79. The ’612 Patent speaks for itself, and Defendants deny any characterization of the ’612 Patent inconsistent with its contents. Defendants deny that the ’612 Patent solves any technological problem or discloses any patentable advance over the prior art. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 79.

80. Paragraph 80 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 80, including to the extent they allege that Defendants’ activities, or the products and components supplied to

Defendants, are infringing or unauthorized with respect to the ’612 Patent.

**VI. THE ’480 PATENT**

81. Defendants admit that the face of U.S. Patent No. 9,952,480 (the "’480 Patent") states that it is entitled "Display Device," that it issued on April 24, 2018, and that it issued from U.S. Patent Application No. 15/400,170, filed on January 6, 2017. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 81.

82. Defendants admit that the face of the ’480 Patent identifies Korean Patent Application No. 10-2016-0041128, filed on April 4, 2016, as a foreign priority application. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 82.

83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of the Amended Complaint and therefore deny them.

84. Defendants admit that what appears to be a copy of the ’480 Patent is attached to the Amended Complaint as Exhibit F. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 84.

85. The ’480 Patent speaks for itself, and Defendants deny any characterization of the ’480 Patent inconsistent with its contents. Defendants deny the remaining allegations of Paragraph 85.

86. The ’480 Patent speaks for itself, and Defendants deny any characterization of the ’480 Patent inconsistent with its contents. Defendants deny that the ’480 Patent solves any technological problem or discloses any patentable advance over the prior art. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 86.

87. Paragraph 87 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 87, including to the extent they allege that Defendants’ activities, or the products and components supplied to

Defendants, are infringing or unauthorized with respect to the ’480 Patent.

## VII. THE ’934 PATENT

88. Defendants admit that the face of U.S. Patent No. 9,470,934 (the "’934 Patent") states that it is entitled "Liquid Crystal Display," that it issued on October 18, 2016, and that it issued from U.S. Patent Application No. 14/107,834, filed on December 16, 2013. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 88.

89. Defendants admit that the face of the ’934 Patent identifies Korean Patent Application No. 10-2013-0095582, filed on August 12, 2013, as a foreign priority application. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 89.

90. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 of the Amended Complaint and therefore deny them.

91. Defendants admit that what appears to be a copy of the ’934 Patent is attached to the Amended Complaint as Exhibit G. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 91.

92. The ’934 Patent speaks for itself, and Defendants deny any characterization of the ’934 Patent inconsistent with its contents. Defendants deny the remaining allegations of Paragraph 92.

93. The ’934 Patent speaks for itself, and Defendants deny any characterization of the ’934 Patent inconsistent with its contents. Defendants deny that the ’934 Patent solves any technological problem or discloses any patentable advance over the prior art. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 93.

94. Paragraph 94 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 94, including to the extent they allege that Defendants’ activities, or the products and components supplied to

Defendants, are infringing or unauthorized with respect to the ’934 Patent.

## VIII. THE ’585 PATENT

95. Defendants admit that the face of U.S. Patent No. 10,168,585 (the “’585 Patent”) states that it is entitled “Liquid Crystal Display,” that it issued on January 1, 2019, and that it issued from U.S. Patent Application No. 15/257,311, filed on September 6, 2016. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 95.

96. Defendants admit that the face of the ’585 Patent identifies Korean Patent Application No. 10-2013-0095582, filed on August 12, 2013, as a foreign priority application. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 96.

97. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 of the Amended Complaint and therefore deny them.

98. Defendants admit that what appears to be a copy of the ’585 Patent is attached to the Amended Complaint as Exhibit H. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 98.

99. The ’585 Patent speaks for itself, and Defendants deny any characterization of the ’585 Patent inconsistent with its contents. Defendants deny the remaining allegations of Paragraph 99.

100. The ’585 Patent speaks for itself, and Defendants deny any characterization of the ’585 Patent inconsistent with its contents. Defendants deny that the ’585 Patent solves any technological problem or discloses any patentable advance over the prior art. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 100.

101. Paragraph 101 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 101, including to the extent they allege that Defendants’ activities, or the products and components

supplied to Defendants, are infringing or unauthorized with respect to the ’585 Patent.

## THE ACCUSED PRODUCTS

102. Defendants admit that LGUSA offered for sale and sold certain products in the United States, and that the Amended Complaint on its face refers to the products identified in Paragraph 102 and others identified in Lonestar’s Supplemental Preliminary Infringement Contentions as the “Accused Products.” Defendants deny that the Accused Products, or any other LG products, utilize the inventions of the Asserted Patents or infringe any valid and enforceable claim of the Asserted Patents. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 102.

103. Defendants admit that LGUSA offered for sale and sold in the United States certain LG-branded products, including through www.lg.com and third-party retailers. Defendants deny that any Accused Product infringes any valid and enforceable claim of the Asserted Patents. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 103.

104. Defendants admit that LGUSA offered for sale and sold certain LG-branded products in the United States through www.lg.com/us. Defendants admit that the first screenshot in Paragraph 104 appears to be from a version of https://www.lg.com/us/monitors/lg-27u631a-b-qhd-monitor, that the second screenshot in Paragraph 104 appears to be from a version of https://www.lg.com/us/tvs/lg-55ua7700pub-4k-uhd-tv, and that the third screenshot in Paragraph 104 appears to be from a version of https://www.lg.com/us/tvs/lg-50qned75bua-qned-4k-tv. To the extent that the allegations in Paragraph 104 purport to quote from or characterize the screenshots, the webpages speak for themselves, and Defendants deny any characterization inconsistent with their contents. Defendants deny that they have infringed or infringe any valid and enforceable claim of the Asserted Patents. Except as expressly admitted, Defendants deny

the remaining allegations of Paragraph 104.

105. **Denied.**

**RESPONSE TO ALLEGATIONS CONTAINED IN "COUNT I"**
(Infringement of the '961 Patent)

106. Defendants incorporate by reference their responses to Paragraphs 1 through 105 of the Amended Complaint as though fully set forth herein.

107. Denied. Defendants further state that Lonestar's Supplemental Preliminary Infringement Contentions purportedly attached to the Amended Complaint as Exhibit I do not allege infringement of the asserted method claims of the '961 Patent under 35 U.S.C. § 271(a). Defendants further state that Lonestar has confirmed in writing on October 14, 2026, that it alleges infringement of the asserted method claims under 35 U.S.C. §§ 271(b) and (g).

108. Denied.

109. Defendants admit that Paragraph 109 purports to reproduce the text of claim 18 of the '961 Patent. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 109.

110. Denied.

111. Defendants admit that the Accused Products include a display panel. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 111.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. The Amended Complaint purports to attach Lonestar's Supplemental Preliminary Infringement Contentions and claim charts as Exhibit I. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 120.

121. Defendants deny that they had knowledge of the '961 Patent prior to service of the Original Complaint. Defendants deny that they have infringed or infringe the '961 Patent.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied. Defendants further state that Lonestar's Supplemental Preliminary Infringement Contentions purportedly attached to the Amended Complaint as Exhibit I do not allege contributory infringement of the asserted method claims of the '961 Patent under 35 U.S.C. § 271(c). Defendants further state that Lonestar has confirmed in writing on October 14, 2026, that it alleges infringement of the asserted method claims under 35 U.S.C. §§ 271(b) and (g).

129. Denied.

130. Denied.

131. Denied.

**RESPONSE TO ALLEGATIONS CONTAINED IN "COUNT II"**
(Infringement of the '864 Patent)

132. Defendants incorporate by reference their responses to Paragraphs 1 through 131 of the Amended Complaint as though fully set forth herein.

133. Denied.

134. Denied.

135. Defendants admit that Paragraph 135 purports to reproduce the text of claim 2 of the '864 Patent. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 135.

136. Denied.

137. Defendants admit that the Accused Products include a liquid crystal display. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 137.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. The Amended Complaint purports to attach Lonestar's Supplemental Preliminary Infringement Contentions and claim charts as Exhibit I. Except as expressly admitted,

Defendants deny the remaining allegations of Paragraph 148.

149. Defendants deny that they had knowledge of the ’864 Patent prior to service of the Original Complaint. Defendants deny that they have infringed or infringe the ’864 Patent.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

**RESPONSE TO ALLEGATIONS CONTAINED IN “COUNT III”**
(Infringement of the ’644 Patent)

160. Defendants incorporate by reference their responses to Paragraphs 1 through 159 of the Amended Complaint as though fully set forth herein.

161. Denied.

162. Denied.

163. Defendants admit that Paragraph 163 purports to reproduce the text of claim 1 of the ’644 Patent. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 163.

164. Denied.

165. Defendants admit that the **Accused Products include a liquid crystal display**.

Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 165.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. The Amended Complaint purports to attach Lonestar's Supplemental Preliminary Infringement Contentions and claim charts as Exhibit I. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 174.

175. Defendants deny that they had knowledge of the '644 Patent prior to service of the Original Complaint. Defendants deny that they have infringed or infringe the '644 Patent.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

**RESPONSE TO ALLEGATIONS CONTAINED IN "COUNT IV"**
(Infringement of the '435 Patent)

186. Defendants incorporate by reference their responses to Paragraphs 1 through 185 of the Amended Complaint as though fully set forth herein.

187. Denied. Defendants further state that Lonestar's Supplemental Preliminary Infringement Contentions purportedly attached to the Amended Complaint as Exhibit I do not allege infringement of the asserted method claims of the '435 Patent under 35 U.S.C. § 271(a). Defendants further state that Lonestar has confirmed in writing on October 14, 2026, that it alleges infringement of the asserted method claims under 35 U.S.C. §§ 271(b) and (g).

188. Denied.

189. Defendants admit that Paragraph 189 purports to reproduce the text of claim 14 of the '435 Patent. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 189.

190. Denied.

191. Defendants admit that the Accused Products include a display panel. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 191.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

196. Denied.

197. The Amended Complaint purports to attach Lonestar's Supplemental Preliminary Infringement Contentions and claim charts as Exhibit I. Except as expressly admitted,

Defendants deny the remaining allegations of Paragraph 197.

198. Defendants deny that they had knowledge of the ’435 Patent prior to service of the Original Complaint. Defendants deny that they have infringed or infringe the ’435 Patent.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied. Defendants further state that Lonestar’s Supplemental Preliminary Infringement Contentions purportedly attached to the Amended Complaint as Exhibit I do not allege contributory infringement of the asserted method claims of the ’435 Patent under 35 U.S.C. § 271(c). Defendants further state that Lonestar has confirmed in writing on October 14, 2026, that it alleges infringement of the asserted method claims under 35 U.S.C. §§ 271(b) and (g).

206. Denied.

207. Denied.

208. Denied.

**RESPONSE TO ALLEGATIONS CONTAINED IN “COUNT V”**
(Infringement of the ’612 Patent)

209. Defendants incorporate by reference their responses to Paragraphs 1 through 208 of the Amended Complaint as though fully set forth herein.

210. Denied.

211. Denied.

212. Defendants admit that Paragraph 212 purports to reproduce the text of claim 11 of the ’612 Patent. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 212.

213. Denied.

214. Defendants admit that the Accused Products include a **liquid crystal display.** Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 214.

215. Denied.

216. Denied.

217. Denied.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

222. Denied.

223. Denied.

224. The Amended Complaint purports to attach Lonestar’s Supplemental Preliminary Infringement Contentions and claim charts as Exhibit I. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 224.

225. Defendants deny that they had knowledge of the ’612 Patent prior to service of the Original Complaint. Defendants deny that they have infringed or infringe the ’612 Patent.

226. Denied.

227. Denied.

228. Denied.

229. Denied.

230. Denied.

231. Denied.

232. Denied.

233. Denied.

234. Denied.

235. Denied.

**<u>RESPONSE TO ALLEGATIONS CONTAINED IN "COUNT VI"</u>**
(Infringement of the '480 Patent)

236. Defendants incorporate by reference their responses to Paragraphs 1 through 235 of the Amended Complaint as though fully set forth herein.

237. Denied.

238. Denied.

239. Defendants admit that Paragraph 239 purports to reproduce the text of claim 1 of the '480 Patent. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 239.

240. Denied.

241. Defendants admit that the Accused Products include a display device. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 241.

242. Denied.

243. Denied.

244. Denied.

245. Denied.

246. Denied.

247. The Amended Complaint purports to attach Lonestar's Supplemental Preliminary Infringement Contentions and claim charts as Exhibit I. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 247.

248. Defendants deny that they had knowledge of the '480 Patent prior to service of the Original Complaint. Defendants deny that they have infringed or infringe the '480 Patent.

249. Denied.

250. Denied.

251. Denied.

252. Denied.

253. Denied.

254. Denied.

255. Denied.

256. Denied.

257. Denied.

258. Denied.

**RESPONSE TO ALLEGATIONS CONTAINED IN "COUNT VII"**
(Infringement of the '934 Patent)

259. Defendants incorporate by reference their responses to Paragraphs 1 through 258 of the Amended Complaint as though fully set forth herein.

260. Denied.

261. Denied.

262. Defendants admit that Paragraph 262 purports to reproduce the text of claim 1 of the '934 Patent. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 262.

263. Denied.

264. Defendants admit that the Accused Products include a liquid crystal display. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 264.

265. Denied.

266. Denied.

267. Denied.

268. Denied.

269. Denied.

270. Denied.

271. Denied.

272. Denied.

273. The Amended Complaint purports to attach Lonestar's Supplemental Preliminary Infringement Contentions and claim charts as Exhibit I. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 273.

274. Defendants deny that they had knowledge of the '934 Patent prior to service of the Amended Complaint. Defendants deny that they have infringed or infringe the '934 Patent.

275. Denied.

276. Denied.

277. Denied.

278. Denied.

279. Denied.

280. Denied.

281. Denied.

282. Denied.

283. Denied.

284. Denied.

**RESPONSE TO ALLEGATIONS CONTAINED IN "COUNT VIII"**
(Infringement of the '585 Patent)

285. Defendants incorporate by reference their responses to Paragraphs 1 through 284 of the Amended Complaint as though fully set forth herein.

286. Denied.

287. Denied.

288. Defendants admit that Paragraph 288 purports to reproduce the text of claim 1 of the '585 Patent. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 288.

289. Denied.

290. Defendants admit that the Accused Products include a liquid crystal display. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 290.

291. Denied.

292. Denied.

293. Denied.

294. Denied.

295. Denied.

296. Denied.

297. Denied.

298. Denied.

299. The Amended Complaint purports to attach Lonestar's Supplemental Preliminary

Infringement Contentions and claim charts as Exhibit I. Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 299.

300. Defendants deny that they had knowledge of the ’585 Patent prior to service of the Amended Complaint. Defendants deny that they have infringed or infringe the ’585 Patent.

301. Denied.

302. Denied.

303. Denied.

304. Denied.

305. Denied.

306. Denied.

307. Denied.

308. Denied.

309. Denied.

310. Denied.

## DAMAGES

311. Denied.

312. Denied.

313. Denied.

## INJUNCTIVE RELIEF

314. Denied.

## ATTORNEYS’ FEES

315. Denied.

## DEMAND FOR JURY TRIAL

316. Paragraph 316 is Lonestar’s demand for a jury trial, to which no response is

required.

**PRAYER FOR RELIEF**

Defendants deny that Lonestar is entitled to any relief in this action, including the relief requested in Paragraphs (a) through (i) of its Prayer for Relief, and ask the Court to deny any and all of the relief requested by Lonestar in its Amended Complaint.

**ADDITIONAL DEFENSES**

1. Defendants allege the following as separate and affirmative defenses to the Amended Complaint. By virtue of having listed the following defenses, Defendants do not assume any legal or factual burden not otherwise assigned to them under the law. Defendants reserve the right to seek leave to amend their Answer to plead additional defenses and counterclaims and/or to supplement their existing defenses if information developed through discovery, trial, or otherwise merits such additional defenses, counterclaims, or supplementation.

**FIRST ADDITIONAL DEFENSE**
**(Non-Infringement)**

2. Defendants have not infringed and do not infringe any valid and enforceable claim of the Asserted Patents, under any subsection of 35 U.S.C. § 271, including §§ 271(a), (b), (c), and (g), whether directly or indirectly, literally, or under the doctrine of equivalents, and have not done so willfully.

**SECOND ADDITIONAL DEFENSE**
**(Invalidity)**

3. One or more claims of the Asserted Patents are invalid for failure to comply with one or more requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, and/or 116.

**THIRD ADDITIONAL DEFENSE**
**(License)**

4. Lonestar's claims are barred, in whole or in part, to the extent that any alleged infringement is covered by an express or implied license to, or a covenant not to sue under, any of the Asserted Patents, including any license, covenant, or other authorization granted by Lonestar or any prior owner of the Asserted Patents to Defendants, to any of Defendants' affiliates, or to any supplier of display panels or other components incorporated into the Accused Products.

**FOURTH ADDITIONAL DEFENSE**
**(Exhaustion)**

5. Lonestar's claims are barred, in whole or in part, by the doctrine of patent exhaustion, including to the extent that any display panel or other component incorporated into the Accused Products was made, sold, or otherwise transferred by, or under the authority of, Lonestar, any prior owner of the Asserted Patents, or any licensee of the Asserted Patents.

**FIFTH ADDITIONAL DEFENSE**
**(Estoppel)**

6. Lonestar's requested relief is barred, in whole or in part, by the doctrine of estoppel, including, but not limited to, the doctrine of prosecution history estoppel arising from the patentee's actions, representations, or conduct before the United States Patent and Trademark Office during prosecution of the Asserted Patents.

**SIXTH ADDITIONAL DEFENSE**
**(Non-Recoverability of Costs)**

7. Lonestar is precluded by 35 U.S.C. § 288 from seeking recovery of costs because no disclaimer of any of the invalid claims of the Asserted Patents was entered at the Patent and Trademark Office prior to the commencement of this suit.

**SEVENTH ADDITIONAL DEFENSE**
**(Statute of Limitations)**

8. To the extent that Lonestar seeks recovery for any alleged infringement committed more than six years prior to the filing of the Original Complaint with respect to the '961, '864, '644, '435, '612, and '480 Patents, or more than six years prior to the filing of the Amended Complaint with respect to the '934 and '585 Patents, such recovery is barred by 35 U.S.C. § 286.

**EIGHTH ADDITIONAL DEFENSE**
**(Failure to Mark)**

9. Upon information and belief, Lonestar's claims for relief and prayer for damages are limited under 35 U.S.C. § 287, including to the extent that Lonestar, any prior owner of the Asserted Patents, or any licensee failed to mark products practicing the Asserted Patents. In addition, Defendants did not receive actual notice of the alleged infringement of the '961, '864, '644, '435, '612, and '480 Patents before the filing of the Original Complaint, or of the '934 and '585 Patents before the filing of the Amended Complaint. The Amended Complaint also pleads no marking compliance.

**NINTH ADDITIONAL DEFENSE**
**(Limitations on Process Claims)**

10. To the extent that Lonestar asserts infringement of any method or process claim, including under 35 U.S.C. § 271(g), Lonestar's claims are barred or limited, in whole or in part, because the product allegedly made by the patented process was materially changed by subsequent processes and/or became a trivial and nonessential component of another product, and because any remedy is limited by 35 U.S.C. § 287(b).

**TENTH ADDITIONAL DEFENSE**
**(No Extraterritorial Liability)**

11. Lonestar's claims are barred, in whole or in part, to the extent that they are based on activities occurring outside the United States, including the design and manufacture of display panels or Accused Products abroad, which do not constitute infringement under 35 U.S.C. § 271.

**ELEVENTH ADDITIONAL DEFENSE**
**(Ensnarement of Prior Art)**

12. To the extent that Lonestar alleges that Defendants infringe the Asserted Patents under the doctrine of equivalents, Lonestar's claims for relief are barred, in whole or in part, because any such scope of equivalents would ensnare the prior art.

**TWELFTH ADDITIONAL DEFENSE**
**(Adequate Remedy at Law)**

13. Lonestar is not entitled to injunctive relief because, at a minimum, it has suffered no irreparable injury, it has an adequate remedy at law for Defendants' alleged infringement, the balance of hardships does not tip in its favor, and the public interest would be disserved by an injunction.

**THIRTEENTH ADDITIONAL DEFENSE**
**(Lack of Knowledge and No Willfulness)**

14. Defendants did not have notice of the '961, '864, '644, '435, '612, and '480 Patents before service of the Original Complaint in this action, and did not have notice of the '934 and '585 Patents before service of the Amended Complaint. For at least this reason, Defendants could not have, and did not, indirectly or willfully infringe any of the Asserted Patents before receiving such notice. Lonestar has represented to the Court that its "claims for indirect and willful infringement presently are for the period from the filing of the Original Complaint (Dkt. No. 1) onward for the '961, '864, '644, '435, '612, and '480 Patents and from the First Amended

Complaint onward for the ’934 and ’585 Patents.” (Dkt. No. 32 at 2.) Lonestar therefore does not assert any claim for pre-suit indirect or willful infringement.

15. Defendants further have not willfully infringed, and do not willfully infringe, any of the Asserted Patents at any time, including after receiving notice of them through Lonestar’s complaints. Defendants’ conduct has not been, and is not, willful, wanton, malicious, deliberate, or otherwise egregious so as to warrant enhanced damages.

## FOURTEENTH ADDITIONAL DEFENSE
**(Failure to State a Claim)**

16. Lonestar’s claims for alleged infringement of the Asserted Patents, including its claims for indirect and willful infringement, fail to state a claim upon which relief can be granted.

## FIFTEENTH ADDITIONAL DEFENSE
**(No Exceptional Case)**

17. Lonestar has no basis to allege that Defendants’ conduct has rendered this case exceptional, justifying an award of attorneys’ fees to Lonestar under 35 U.S.C. § 285.

## SIXTEENTH ADDITIONAL DEFENSE
**(Substantial Non-Infringing Use)**

18. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the Asserted Patents.

## RESERVATION OF RIGHTS

19. Defendants reserve the right to seek leave to amend their Answer to plead additional defenses and counterclaims and/or to supplement their existing defenses if information developed through discovery, trial, or otherwise merits such additional defenses, counterclaims, or

supplementation, and expressly reserve their right to move to transfer this action pursuant to 28 U.S.C. § 1404(a).

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor and against Lonestar and grant the following relief:

a. A declaration that Defendants have not infringed and do not infringe, whether directly, indirectly, literally, or by equivalents, any valid and enforceable claim of the '961 Patent;

b. A declaration that Defendants have not infringed and do not infringe, whether directly, indirectly, literally, or by equivalents, any valid and enforceable claim of the '864 Patent;

c. A declaration that Defendants have not infringed and do not infringe, whether directly, indirectly, literally, or by equivalents, any valid and enforceable claim of the '644 Patent;

d. A declaration that Defendants have not infringed and do not infringe, whether directly, indirectly, literally, or by equivalents, any valid and enforceable claim of the '435 Patent;

e. A declaration that Defendants have not infringed and do not infringe, whether directly, indirectly, literally, or by equivalents, any valid and enforceable claim of the '612 Patent;

f. A declaration that Defendants have not infringed and do not infringe, whether directly, indirectly, literally, or by equivalents, any valid and enforceable claim of the '480 Patent;

g. A declaration that Defendants have not infringed and do not infringe, whether directly, indirectly, literally, or by equivalents, any valid and enforceable claim of the '934 Patent;

h. A declaration that Defendants have not infringed and do not infringe, whether directly, indirectly, literally, or by equivalents, any valid and enforceable claim of the '585 Patent;

i. A declaration that each and every one of the claims of the '961 Patent is invalid;

j. A declaration that each and every one of the claims of the '864 Patent is invalid;

k. A declaration that each and every one of the claims of the '644 Patent is invalid;

l. A declaration that each and every one of the claims of the '435 Patent is invalid;

m. A declaration that each and every one of the claims of the '612 Patent is invalid;

n. A declaration that each and every one of the claims of the '480 Patent is invalid;

o. A declaration that each and every one of the claims of the '934 Patent is invalid;

p. A declaration that each and every one of the claims of the '585 Patent is invalid;

q. Dismissal of all of Lonestar's claims against Defendants in their entirety and with prejudice;

r. A declaration that Lonestar take nothing by way of its Amended Complaint;

s. An order pursuant to Rule 54(d) of the Federal Rules of Civil Procedure awarding Defendants their costs incurred in connection with this action;

t. An order finding this an exceptional case under 35 U.S.C. § 285 and awarding Defendants their costs and fees in this action, including attorneys' fees, and pre-judgment interest thereon; and

u. An order awarding Defendants such further relief as the Court may deem appropriate under the circumstances.

**JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Defendants demand a trial by jury on all issues triable by a jury as of right in this action.

Dated: November 10, 2026

MORRISON & FOERSTER LLP

*/s/ Melissa R. Smith*
Richard S.J. Hung (CA Bar No. 197425)
*Admitted to EDTX Bar*
**MORRISON & FOERSTER LLP**

425 Market Street
San Francisco, CA 94105-2482
Tel: (415) 268-7000 | Fax: (415) 268-7522
Email: rhung@mofo.com

Lily Yue Li (CA Bar No. 287280)
*Admitted to EDTX Bar*
**MORRISON & FOERSTER LLP**
755 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 813-5600 | Fax: (650) 494-0792
Email: yli@mofo.com

Bita Rahebi (CA Bar No. 209351)
*Admitted to EDTX Bar*
Alex S. Yap (CA Bar No. 241400)
*Admitted to EDTX Bar*
Nicholas Fung (CA Bar No. 312400)
*Admitted to EDTX Bar*
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Tel: (213) 892-5200 | Fax: (213) 892-5454
Email: brahebi@mofo.com
Email: nfung@mofo.com
Email: ayap@mofo.com

Melissa R. Smith (TBN 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*ATTORNEYS FOR DEFENDANTS*
*LG ELECTRONICS INC. AND LG ELECTRONICS*
*U.S.A., INC.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 10th day of November 2026.

*/s/ Melissa R. Smith*
Melissa R. Smith